IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00381-BNB

HIGINIO EMBRIZ,

      Plaintiff,

v.

EIGHTH DISTRICT – NATIONAL – NEBF,

      Defendant.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

      Plaintiff, Higinio Embriz, filed a Complaint (ECF No. 1) *pro se*. The court must construe the Complaint liberally because Mr. Embriz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Embriz will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

      The Complaint is deficient for several reasons. First, the Complaint is not signed. Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed" and "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). Because Mr. Embriz will be ordered to file an amended complaint, he will not be required to resubmit a signed copy of the Complaint already filed in this action. However, Mr. Embriz must sign the amended complaint he will be

ordered to file.

The Complaint also is deficient because Mr. Embriz fails to list any parties in the caption of the Complaint. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Regardless of who Mr. Embriz names as Defendants, he must provide a complete address for each named Defendant so that they may be served properly.

The Complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Embriz fails to provide a short and plain statement of the grounds for the

2

court's jurisdiction.  In other words, Mr. Embriz fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Mr. Embriz makes vague references to the federal Constitution and 42 U.S.C. § 1983 in the Complaint, and he may intend to assert a claim pursuant to § 1983.  The court has subject matter jurisdiction over claims pursuant to § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  However, it does not appear that Mr. Embriz is suing any state actors subject to suit under § 1983.  Therefore, it is not clear that the court has subject matter jurisdiction over any claims in this action.

Mr. Embriz's failure to identify the statutory authority for the court's jurisdiction is compounded by his failure to provide a short and plain statement of his claims showing he is entitled to relief.  In particular, Mr. Embriz fails to identify the specific claims he is asserting and he fails to identify what any Defendant did that allegedly violated his rights.  Finally, Mr. Embriz fails to request any relief in the Complaint.

For these reasons, Mr. Embriz must file an amended complaint.  Mr. Embriz must identify, clearly and concisely, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Embriz file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Embriz shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Embriz fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED February 12, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge