IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00381-BNB

HIGINIO EMBRIZ,

      Plaintiff,

v.

EIGHTH DISTRICT ELECTRICAL PENSION FUND, and
NATIONAL ELECTRICAL BENEFIT FUND,

      Defendants.

---

ORDER OF DISMISSAL

---

      Plaintiff, Higinio Embriz, initiated this action by filing *pro se* a Complaint (ECF No. 1). On February 12, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Embriz to file an amended complaint that is signed and that clarifies who he is suing and the claims he is asserting in this action. With respect to the claims Mr. Embriz is asserting, Magistrate Judge Boland determined that the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland warned Plaintiff that, if he failed to file an amended complaint that complies with the pleading requirements of Rule 8 within thirty days, the action would be dismissed without further notice. On February 28, 2014, Mr. Embriz filed an amended complaint (ECF No. 7) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 8). On March 6, 2014, Mr. Embriz submitted for filing a document titled "Motion: to the Court and Evidence" (ECF No. 9). The Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be denied as moot

because Mr. Embriz already has been granted leave to proceed *in forma pauperis* in this action.

The Court must construe the amended complaint liberally because Mr. Embriz is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the action will be dismissed.

The Court has reviewed the amended complaint and finds that Mr. Embriz still fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to

2

relief; and (3) a demand for the relief sought."  Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Despite the specific instructions provided by Magistrate Judge Boland, Mr. Embriz fails to provide a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement of his claims showing he is entitled to relief. Mr. Embriz does include references to 42 U.S.C. § 1983 in the amended complaint but he does not provide specific factual allegations to support any federal claims against state actors pursuant to § 1983.  *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (§ 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights"); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Mr. Embriz also includes references to Colorado state statutes without providing a clear statement of any claims pursuant to those statutes.  In short, it still is not clear what specific claims Mr. Embriz is asserting in this action or what specific facts support each asserted claim.  As a result, the amended complaint does not give Defendants fair notice of the specific claims being asserted against them.  Instead, Mr. Embriz places an unreasonable burden on the Court and Defendants to identify both the specific claims for relief that are being asserted against each Defendant and what specific factual allegations support each asserted claim.

3

Construing the amended complaint liberally, it appears that Mr. Embriz may be seeking to challenge a denial of pension benefits. The Court also notes that Mr. Embriz has attached to the document titled "Motion: to the Court and Evidence" copies of a letter dated February 26, 2014, addressed to Higinio Embriz Rosales from the Administrative Office of the Eighth District Electrical Pension Fund, one of the named Defendants in the amended complaint, that denies a claim for a disability pension and outlines the procedures necessary to file an administrative appeal. (*See* ECF No. 9 at 5-8.) The letter also references the possibility of filing a civil action under section 502(a) of ERISA following an adverse determination on appeal. It does not appear that Mr. Embriz includes any reference to section 502(a) of ERISA in the amended complaint and he certainly does not provide a short and plain statement of any claim pursuant to section 502(a) of ERISA in the amended complaint. Furthermore, even if the Court assumes Mr. Embriz intends to assert a claim pursuant to section 502(a) of ERISA in this action, it appears that such a claim would be premature.

In conclusion, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint,

4

the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  Because Mr. Embriz fails to provide a clear and concise statement of the claims he is asserting, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint (ECF No. 1), the amended complaint (ECF No. 7), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 8) is denied as moot and the document titled "Motion: to the Court and Evidence" (ECF No. 9) is denied.

DATED at Denver, Colorado, this __21st__ day of ___March_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

6